UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BEVERLY DENNIS                                                                                          PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:17cv1003-HSO-LRA

DR. MICHAEL LIVINGSTON in his official
capacity and individually; THE DOCTORS
COMPANY INSURANCE; CJJ GROUP LIMITED
PARTNERS; MICHAEL LIVINGSTON SERVICES
INC.; and OB/GYN ASSOCIATES PLLC                                                     DEFENDANTS
_____

**MEMORANDUM BRIEF IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
_____

### I. Introduction

In the Complaint, Plaintiff Beverly Dennis purports to invoke this Court's diversity jurisdiction. But as both the allegations of the Complaint and the testimony of Defendant Dr. Michael Livingston demonstrate, Plaintiff's citizenship is not completely diverse from the citizenships of all defendants. Because complete diversity is lacking and the requirements for supplemental jurisdiction over the non-diverse defendants are not met, this Court does not possess subject matter jurisdiction over the claims against them. Therefore, the Complaint against Defendants Dr. Livingston, CJJ Group LP, Michael Livingston Services Inc., and OB-Gyn Associates PLLC should be dismissed.

### II. Factual Background and Procedural History

Plaintiff Beverly Dennis has sued Dr. Michael Livingston, three companies he either owns or co-owns (CJJ Group LP, Michael Livingston Services Inc., and OB-Gyn Associates PLLC), and his medical liability insurer (The Doctors Company) for allegedly causing her to become addicted to prescription painkillers. [Dkt. 1 ¶¶ 7–11, 16–19.] Plaintiff purports to plead

state law claims for "Negligence, Intentional Infliction of Emotional Distress, Fraud, Misrepresentation, Duty to disclose risk of treatment, and Fiduciary Duty of Professionals, Improper treatment and failure to warn a patient of known risk." [Dkt. 1 ¶¶ 4, 27.]

The Complaint ostensibly invokes this Court's diversity jurisdiction under 28 U.S.C. Section 1332 and supplemental jurisdiction under 28 U.S.C. Section 1367. [Dkt. 1 ¶ 2; dkt. 1-4.] Plaintiff asserts she "is an african-American female adult resident citizen of Hinds County, Mississippi." [Dkt. 1 ¶ 6.] With respect to Dr. Livingston, the Complaint states that he "is an African-American male resident of Clinton, Mississippi." [Dkt. 1 ¶ 7.] Other than reciting that The Doctors Company is "a foreign corporation" and that OB-Gyn Associates PLLC "is a Mississippi company," Plaintiff makes no allegations concerning the citizenships of the other defendants. [Dkt. 1 ¶¶ 8, 11.]

However, as the declaration of Dr. Livingston demonstrates, both he and the defendant companies that he owns are considered citizens of Mississippi—just like Plaintiff. (**Exhibit A**, Decl. of Michael C. Livingston, M.D. ¶¶ 2–5.) Accordingly, the "Livingston Defendants"—Dr. Michael Livingston, CJJ Group LP, Michael Livingston Services Inc., and OB-Gyn Associates PLLC—now move to dismiss the Complaint against them for want of subject matter jurisdiction.

### III. Standard for Motion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) can take the form of either a facial or factual challenge. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981); *Blades v. Countrywide Home Loans, Inc.*, 2009 WL 3805519, at *2 (S.D. Miss. Nov. 5, 2009). The former looks only at the complaint, while the latter considers evidence outside of the pleadings. *Id.* Thus, in evaluating this motion, the Court can consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

As the party asserting subject matter jurisdiction exists, Plaintiff bears the burden of establishing it by a preponderance of the evidence. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). "For diversity jurisdiction, the party asserting jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation omitted); *Ditcharo v. Wal-Mart Stores E., LP*, 2015 WL 7078761, at *3 (S.D. Miss. Nov. 13, 2015).

### IV. Argument

**A. Relevant diversity jurisdiction principles**

Under the complete diversity rule of *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), subject matter jurisdiction cannot exist under 28 U.S.C. Section 1332 unless all plaintiffs have citizenships different from all defendants. *Tewari De-Ox Sys., Inc.*, 757 F.3d at 483. An individual's citizenship is determined by his state of domicile. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *Langley v. Bobinger Realty Grp., LLC*, 2011 WL 111694, at *2 (S.D. Miss. Jan. 13, 2011). A corporation is deemed a citizen of both the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company has the same citizenships as its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Likewise, a limited partnership's citizenship is based on the citizenship of each of its partners. *Id.*

**B. The Complaint does not allege the citizenship of all parties.**

In her Complaint, Plaintiff pleads that she is a citizen of Mississippi. [Dkt. 1 ¶ 6.] But she does not allege the state of incorporation or the principal place of business of Defendant

3

Michael Livingston Services, Inc., the citizenships of the constituent partners and members of Defendants CJJ Group LP and OB-Gyn Associates PLLC, or the principal place of business of Defendant The Doctors Company.  Because she has not "distinctly and affirmatively allege[d]" the citizenships of those Defendants, it apparent from the face of the Complaint that Plaintiff has not invoked this Court's subject matter jurisdiction.  *Howery*, 243 F.3d at 919; *Ditcharo*, 2015 WL 7078761, at *3.

**C. The Court does not possess diversity jurisdiction over the Livingston Defendants under Section 1332(a) because they are not completely diverse from Plaintiff.**

Those pleading deficiencies aside, as to Dr. Livingston, Plaintiff alleges that he is, like her, a citizen of Mississippi.  [Dkt. 1 ¶ 7.]  Dr. Livingston's declaration confirms Plaintiff's assertion is correct: he is domiciled in Mississippi.  (Ex. A ¶ 2.)  Therefore, his citizenship is the same as, not diverse from, Plaintiff's.

As Dr. Livingston's declaration further shows, Defendant Michael Livingston Services Inc. is deemed a citizen of Mississippi because it is a Mississippi corporation with its principal place of business located there.  (Ex. A ¶ 3.)  Defendant CJJ Group LP is likewise considered a citizen of Mississippi because its sole member is Dr. Livingston, a Mississippi domiciliary.  (Ex. A ¶ 4.)  Similarly, the now-dissolved Defendant OB-Gyn Associates PLLC possesses the citizenships of its former members, Dr. Livingston and Dr. Melvin Merritt, who are domiciliaries of Mississippi and Illinois, respectively.  (Ex. A ¶ 5.)

Because Dr. Livingston, Michael Livingston Services Inc., CJJ Group LP, and OB-Gyn Associates PLLC are not completely diverse from Plaintiff, jurisdiction does not lie under Section 1332(a)(1).

**D. Even if complete diversity exists between Plaintiff and Defendant The Doctors Company, the Court does not possess supplemental jurisdiction over the Livingston Defendants because Section 1367(b) forbids the exercise of supplemental jurisdiction over non-diverse parties joined under Rule 19 or 20.**

As discussed in Section IV.B. above, it is not apparent from the face of the Complaint that Defendant The Doctors Company is completely diverse from Plaintiff. But even were that so, Section 1367(a) does not confer supplemental jurisdiction over the Livingston Defendants. Per Section 1367(b), where (as here) original jurisdiction is predicated solely on Section 1332, supplemental jurisdiction does not extend to "claims by plaintiffs against persons made parties under Rule…19 [and] 20…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Accord *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("Because multiple defendants, like those in this case, are allowed under Federal Rule of Civil Procedure 20, complete diversity must exist, and § 1367(b) does not authorize the exercise of supplemental jurisdiction."); *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 354 (5th Cir. 2004) ("Since § 1367(b) provides that there must be complete diversity where parties are joined in a diversity suit under Rule 19 or Rule 20, complete diversity is required here.").

Because the Livingston Defendants are joined as defendants under Federal Rules of Civil Procedure 19 (required joinder of parties) or 20 (permissive joinder of parties) but are not completely diverse from Plaintiff, the Court does not possess supplemental jurisdiction over the claims against them.

## V. Conclusion

For the foregoing reasons, the Court should grant the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Dr. Michael Livingston, CJJ Group LP, Michael Livingston Services Inc., and OB-Gyn Associates PLLC.

This 20th day of December 2017.　　　　　Respectfully submitted,

**Dr. Michael Livingston**
**CJJ Group Limited Partners**
**Michael Livingston Services Inc.**
**OB-Gyn Associates PLLC**

By:　<u>/s/John B. Howell III</u>
　　　Walter T. Johnson (MS Bar No. 8712)
　　　WATKINS & EAGER PLLC
　　　400 East Capitol Street
　　　Jackson, Mississippi 39201
　　　601.965.1900
　　　*wjohnson@watkinseager.com*

　　　John B. Howell III (MS Bar No. 102655)
　　　WATKINS & EAGER PLLC
　　　106 Madison Plaza, Suite C
　　　Hattiesburg, Mississippi 39402
　　　601.264.4499
　　　*jhowell@watkinseager.com*

## **CERTIFICATE OF SERVICE**

I certify that today I filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of that filing to all persons registered to receive service.

This 20th day of December 2017.   /s/John B. Howell III
                                    John B. Howell III