IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BEVERLY DENNIS**                                                                                                    **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO.: 3:17-CV-1003 HSO-LRA**

**DR. MICHAEL LIVINGSTON, in his official capacity
and individually, THE DOCTORS COMPANY INSURANCE;
CJJ GROUP LIMITED PARTNERS; MICHAEL LIVINGSTON
SERVICES, INC., OB/GYN ASSOCIATES, PLLC,
GREATER JACKSON PHYSICIAN GROUP, LLC
and GREATER JACKSON OB/GYN, LLC**                                        **DEFENDANTS**

---

**DEFENDANT THE DOCTORS COMPANY'S
MEMORANDUM IN SUPPORT OF ITS RULE 12, F.R.C.P. MOTION TO DISMISS**

---

The Defendant, The Doctors Company [TDC], has filed its Motion to Dismiss the Plaintiff's Amended Complaint because the Plaintiff has failed to establish subject matter jurisdiction in this Court. Furthermore, and alternatively, even if this Court has jurisdiction over this Defendant, which is denied, the Plaintiff's Amended Complaint has wholly failed to state a claim upon which relief can be granted against TDC. *See* Rules 12(b)(1) and 12(b)(6), F.R.C.P. This Defendant submits this Memorandum in Support of its Motion to Dismiss, as follows:

1.      **Rule 12(b)(1):  There is no subject matter jurisdiction over The Doctors Company**:

This Defendant would point out that this case was originally filed in this Court on December 12, 2017 [Doc. #1] alleging federal jurisdiction based on diversity of citizenship of the parties. The Complaint was subsequently amended on December 22, 2017 [Doc. #8] to allege a purported federal question based on "Title 21 of the Federal Controlled Substance Act and the Comprehensive Drug Abuse Prevention and Control Act."

At Paragraph 2 of Plaintiff's Amended Complaint [Doc. #8], she states:

> **. . . Additionally, Jurisdiction for The Doctors Company, a foreign corporation with is [sic] principal place of business in the state of California, is found in both U.S.C. 1331 and 1332 Diversity of Citizenship amount in controversy . . . .**

However, there is no subject matter jurisdiction because the Plaintiff has failed to properly establish either complete diversity or a viable federal question claim in regards to TDC. The Plaintiff's lawsuit against TDC should be dismissed.

A. There is no diversity of citizenship in this case

Pursuant to 28 U.S.C. §1332, a Federal District Court will have original jurisdiction in all civil actions where the matter in controversy exceeds the sum of $75,000 and is between **citizens of different states**. The controversy in this case is not between citizens of different states. As stated in Paragraphs 6 and 7 of the Amended Complaint [Doc. #8], the Plaintiff and the Defendant, Dr. Livingston, are both citizens of the State of Mississippi. This being clearly the case by virtue of the facts pleaded, there is no diversity of citizenship between the parties and TDC joins in the Motion to Dismiss filed by Dr. Livingston [Doc. #5].

Furthermore, TDC, an interinsurance exchange, is considered to be a citizen of its members for diversity of citizenship purposes in Federal Court. *True v. Robles*, 571 F.3d 412, fn 2 (5th Cir. 2009). Since Dr. Livingston is a citizen of the State of Mississippi, so too is TDC for diversity of citizenship purposes before this Court.

Therefore, without question, there can be no federal jurisdiction based on 28 U.S.C. §1332 because there is no [complete] diversity of citizenship.

**MEMORANDUM IN SUPPORT OF ITS RULE 12, F.R.C.P. MOTION TO DISMISS**

B. There is no viable federal question jurisdiction in this case

The Plaintiff, by her Amended Complaint, fails to cure the lack of subject matter jurisdiction by alleging that "...defendants in this action deliberately, grossly negligently, and maliciously wrote prescriptions that violated Title 21 of the Federal Controlled Substance Act and the Comprehensive Drug Abuse Prevention and Control Act." *See* ¶ 1 of the Amended Complaint, et seq.  Yet, at no point in the Amended Complaint does the Plaintiff allege that TDC, in particular, wrote any prescriptions to her.  The fact that an insurance company is without the ability to write prescriptions is so basic and foregone that this Court should be able to take judicial notice of the falsity of this fanciful implication.

Federal question jurisdiction, 28 U.S.C. §1331, only exists over suits in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Winkler v. State Farm*, 266 F. Supp. 2d 509, 512 (S.D. Miss. 2003).  A vague reference to Title 21 in the Amended Complaint simply fails to establish federal question jurisdiction – especially as to TDC.

Title 21 contains 27 Chapters.  [Exhibit 1:  Title 21 Index].  This Plaintiff cites no authority whatsoever for any private right of action by a civil Plaintiff.  The offensive conduct which allegedly "violates" the Food and Drug Act is based on writing prescriptions by unspecified "defendants."  This Court can acknowledge that the Plaintiff did not specifically identify TDC as a participant in that alleged misconduct, but, and more importantly, such action – the writing of prescriptions –  is not even possible by TDC.

The Plaintiff's effort to manufacture federal question jurisdiction fails because the Act does not provide for any private civil action nor would it be possible for TDC to violate the Act anyway.

### C. Supplemental Jurisdiction Does Not Apply

28 U.S.C. § 1367(a) provides for supplemental jurisdiction only in a "civil action of which the district courts have original jurisdiction." This threshold criteria is not met here, as shown above, because there is no original jurisdiction in this Court. Furthermore, a district court can only exercise supplemental jurisdiction over state law claims which derive from a common nucleus of operative facts. Since there is no viable claim stated against TDC here to begin with, supplemental jurisdiction over this Defendant would be improper.

**2.     Rule 12(b)(6): The Amended Complaint Fails to State a Claim against The Doctors Company**

At the outset, the Plaintiff's Amended Complaint against TDC should be dismissed for lack of subject matter jurisdiction. However, in the alternative, the Amended Complaint must be dismissed for the failure to state a claim upon which relief can be granted against The Doctors Company.

In considering a Rule 12(b)(6) Motion to Dismiss, the court must assume that the plaintiff can prove the facts alleged in the complaint. On the other hand, courts are not bound to accept as true, a legal conclusion couched as a factual allegation. *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim to relief *that is plausible on its face. Miller v. Nationwide Life Ins. Co.*, 2008 U.S.App. LEXIS 16922, citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). The Plaintiff's Amended Complaint does not pass the test.

As noted above, the Amended Complaint does not contain any facts alleging that TDC wrote any prescriptions for the Plaintiff.[1] Nor could they do that. So the gravamen of the Plaintiff's complaint against TDC is not prescribing medication, but rather solely because it is the insurer of Dr. Livingston. The Amended Complaint contains Plaintiff's "Statement of Facts" in ¶¶ 15 - 25. The Doctors Company is addressed in ¶ 21:

> As a result of the foregoing, Defendant Michael Livingston provided to Plaintiff a copy of his medical liability insurance. Defendant, The Doctors Company, as a blatant admission that was the cause of Plaintiff Dennis's Opioid Addiction when he provided a copy of his declaration page of medical insurance policy. As such, The Doctors Company has been noticed that their insured, Dr. Michael Livingston had injured Plaintiff Beverly Dennis and must be party to this action. Because Defendant Michael Livingston stated that Defendant, The Doctors Company would remedy Plaintiff. However once Plaintiff contacted Defendant, The Doctors Company, this Defendant state that they are aware of this claim but they have not attempted to make Plaintiff Dennis whole.[2]

The Plaintiff is not entitled to pursue this cause of action against TDC. There is absolutely no legal basis for this Plaintiff to file a third party "direct action" against TDC under these circumstances. "Our traditional rule is that a liability insurer may not be sued directly, *Cook v. State Farm Mutual Ins. Co.,* 241 Miss. 371, 128 So.2d 363 (Miss. 1961), and the fact that the defendant is insured may not even be mentioned." *Smith v. West Point,* 475 So. 2d 816 (Miss. 1985).[3] This prohibition against "direct action" has a limited exception under certain circumstances which have not been pleaded by the Plaintiff and are not applicable here where

---

[1] If Plaintiff intended to allege that The Doctors Company improperly prescribed medication, then she was obligated to comply with pre-suit requirements of §15-1-36, M.C.A., which she did not do.

[2] The Doctors Company does not acknowledge the receipt of any such contact.

[3] Rule 411, F.R.E. states that evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.

**MEMORANDUM IN SUPPORT OF ITS RULE 12, F.R.C.P. MOTION TO DISMISS**

professional liability coverage for Dr. Livingston has not been denied.  This Plaintiff appears to be asserting a claim against TDC because it was allegedly aware of the Plaintiff's claim and did not attempt to make the Plaintiff whole.  Clearly such an assertion can only be characterized as an improper "direct action" under Mississippi law which is not proper and not allowed.

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, entitling The Doctors Company to a dismissal pursuant to Rule 12(b)(6).

**3.     TDC seeks relief pursuant to Rule 11, F.R.C.P. and MCA §11-55-5**

Upon receipt and review of the Plaintiff's Complaint and Amended Complaint, undersigned counsel attempted to communicate, in *good faith* with Plaintiff's counsel regarding a voluntary dismissal of The Doctors Company in accordance with Rule 1, M.R.C.P. which provides that the Federal Rules of Civil Procedure should be construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceedings.  *See*, Exhibit 2; Letter to Plaintiff Counsel from Whitfield.  Plaintiff's counsel went beyond declining to voluntarily dismiss The Doctors Company and responded with a surprisingly caustic and un-necessarily offensive  response.  Exhibit 3; Letter from Plaintiff Counsel Robinson.

This action against TDC was brought without any reasonable basis and no hope of success.  The Doctors Company undertook to seek a voluntary dismissal which could have avoided continuing litigation against it, and the associated legal expense and fees.  The claim made against TDC was not "warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or establishing new law." Rule 11(b)(2),

**MEMORANDUM IN SUPPORT OF ITS RULE 12, F.R.C.P. MOTION TO DISMISS**

F.R.C.P.  Simply stated, the action as alleged against TDC is frivolous and not supported by Mississippi law in any way.

The Mississippi Litigation Accountability Act, MCA §11-55-5, provides an award of "reasonable attorney's fees and costs against any party or attorney if the court, upon motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification. . . ".  *See Rose v. Tullos,* 994 So.2d 734 (Miss. 2008).

The Plaintiff's case against The Doctors Company is not warranted by existing law nor is it substantially justified.  This Defendant submits that this Court should consider the foregoing and grant its motion for a determination that Plaintiff has violated Rule 11(b), F.R.C.P. and grant relief pursuant to Rule 11(c), F.R.C.P. and MCA §11-55-5.

## Conclusion

The Doctors Company respectfully submits that the Plaintiff's Amended Complaint against it should be dismissed for lack of subject matter jurisdiction.  Alternatively, the Amended Complaint should be dismissed for failure to state a claim for which relief can be granted against the Doctors Company.  This Defendant further asks the Court to award it relief pursuant to Rule 11, F.R.C.P. and the Mississippi Litigation Accountability Act.

Respectfully submitted, this the 28th day of December, 2017.

          **THE DOCTORS COMPANY INSURANCE**

          BY:   COPELAND, COOK, TAYLOR & BUSH, P.A.

          BY:   /S/ WILLIAM E. WHITFIELD, III
                   Mississippi Bar No. 7161
               /S/ KAREN K. SAWYER
               Mississippi Bar No. 9433

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

 Abby Robinson, Esq.
 arobinsonlawfirm@yahoo.com
 **Attorney for Plaintiff**

 Walter T. Johnson, Esq.
 wjohnson@watkinseager.com
 John B. Howell III, Esq.
 jhowell@watkinseager.com
 **Attorney for Defendants,**
 **Dr. Michael Livingston, CJJ Group Limited Partners,**
 **Michael Livingston Services, Inc. and OB-Gyn Associates, PLLC**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None

                               /S/ WILLIAM E. WHITFIELD, III
                               /S/ KAREN K. SAWYER

William E. Whitfield, III
Karen K. Sawyer
COPELAND, COOK, TAYLOR & BUSH, P.A.
2781 C. T. Switzer Sr. Drive
Biloxi, MS 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526