# COPELAND COOK TAYLOR & BUSH

December 27, 2017

Abby Robinson, Esq.
530 George Street, Suite 200
Jackson, MS 39202

**Via Facsimile: 601-487-6326**
**Email: arobinsonlawfirm@yahoo.com**
**and:     abby@askabbylaw.com**
**and U.S. First Class Mail**

Re:  *Beverly Dennis, Plaintiff v.*
     *Dr. Michael Livingston, et al, Defendants*
     In the U.S. District Court for the Southern District of Mississippi, Northern Division
     Civil Action No. 3:17-cv-1003 HSO-LRA
     Our File No.: 6129-8

Dear Ms. Robinson,

Please recall that our office will be defending The Doctors Company [TDC] in the above matter. Please note that I, along with my partner, Karen Sawyer, will be working together on this matter and you may contact either one of us for additional information.

On behalf of TDC, this letter is intended to serve as our "good faith" correspondence to you requesting that you immediately voluntarily dismiss TDC from your suit. TDC is simply not a proper party under any theory of liability available to the Plaintiff under Mississippi law. In the event that The Doctors Company is forced to pursue its dismissal directly by Court process or action, we intend to seek all legal remedies available to us pursuant to Rule 11, F.R.C.P and under the Mississippi Litigation Accountability Act, §11-55-5, §11-55-7, M.C.A.

Notwithstanding the threshold question of jurisdiction for your lawsuit in Federal Court, I would point out to you that the substance of the allegations made in regards to TDC cannot survive any scrutiny whatsoever and the matter should rightfully be promptly voluntarily dismissed by the Plaintiff. The Dennis' Complaint and Amended Complaint allege, *verbatim*, in Paragraph 21, that:

> . . . Defendant, The Doctors Company, as a blatant admission that was the cause of Plaintiff Dennis's Opioid Addiction when he provided a copy of his declaration page of his medical insurance policy. As such, The Doctors Company has been noticed that their insured, Dr. Michael Livingston had injured Beverly Dennis and must be party to this action. . . .

GULF COAST
Gulf Coast Professional Towers
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, MS 39531

P.O. Box 10
Gulfport, MS 39502

Tel (228) 863-6101
Fax (228) 868-9077

HATTIESBURG | JACKSON | RIDGELAND

www.CCTB.com

**Exhibit "2"**

If the Complaint is intended to allege that The Doctors Company engaged in the practice of medicine, negligently or otherwise, by prescribing medication to Ms. Dennis, then it should be obvious that such an allegation is unequivocally impossible because TDC does not practice medicine and is certainly not a prescriber of medication. Secondly, if you intended to allege any other theory of liability against TDC in its capacity as a professional liability insurer, then the matter must be dismissed because there is no viable theory of direct liability of TDC to Ms. Dennis, regardless of whether she was given a copy of an insurance declarations page (or even the policy) by Dr. Livingston. Simply put, there is no direct cause action for a Plaintiff such as Ms. Dennis under Mississippi law and therefore your pursuit of them in this suit is without a "reasonable basis." *See, Julian Rose MD v. Eugene Tullos*, ___So.3d___(Miss. 2008).

Please consider this letter as our good faith attempt to secure an immediate voluntary dismissal of The Doctors Company from Ms. Dennis' action. It is our sincere hope that you will act accordingly and will not continue forward with this improper litigation against The Doctors Company which will result in additional legal fees and expenses which we will pursue against you and your client. We would prefer to avoid being forced to impose our legal remedies as the consequences for your litigation.

If you have questions or wish to discuss this with me, I welcome your telephone call.

Sincerely,

WILLIAM E. WHITFIELD, III
Copeland, Cook, Taylor & Bush, P.A.
Attorney for The Doctors Company

cc:     Walter Johnson, Esq.