IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **BEVERLY DENNIS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § | Civil No. 3:17CV1003-HSO-LRA |
| | § | |
| | § | |
| **DR. MICHAEL LIVINGSTON,** *et al.* | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' [5], [11], [15] MOTIONS TO DISMISS, AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION

BEFORE THE COURT are the following Motions: (1) a Motion [5] to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Dr. Michael Livingston ("Dr. Livingston"), CJJ Group Limited Partners, Michael Livingston Services Inc., and OB/GYN Associates PLLC (collectively, the "Livingston Defendants"); (2) a Motion [11] to Dismiss filed by Defendant The Doctors Company; and (3) an Amended Motion [15] to Dismiss for Lack of Subject Matter Jurisdiction filed by the Livingston Defendants.  Plaintiff has filed Responses [18], [19], in opposition to Defendants' first two Motions [5], [11], but has not responded to the Livingston Defendants' Amended Motion [15].  The Doctors Company filed a Rebuttal [20] in support of its Motion [11].

After consideration of the Motions, related pleadings, the record in this case, and relevant legal authority, the Court finds that the Motions [5], [11], [15] should

be granted and that this case should be dismissed without prejudice for lack of federal subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I. BACKGROUND

This dispute arises out of a purported doctor-patient relationship between Plaintiff and Dr. Livingston. *See* Am. Compl. [8] at 5. Plaintiff alleges that Dr. Livingston negligently prescribed her highly-addictive controlled substances and failed to keep accurate records of the prescriptions. *Id.* at 6. According to Plaintiff, she became addicted, yet Dr. Livingston continued to prescribe to her over a long period of time. *Id.* Plaintiff asserts that Dr. Livingston supplied her with a copy of his medical liability insurance through Defendant The Doctors Company, which she maintains was an admission that he caused her opioid addiction. *Id.*

Plaintiff, invoking diversity jurisdiction, filed a Complaint [1] in this Court on December 12, 2017, naming the Livingston Defendants and The Doctors Company as Defendants. Compl. [1] at 1. The Complaint appeared to advance only state-law claims, including claims for negligence, intentional infliction of emotional distress, fraud, misrepresentation, and medical malpractice.[1] *Id.* at 5.

---

[1] The Complaint alleges that Defendant "committed Intentional Infliction of Emotional Distress, Fraud, Misrepresentation, Duty to disclose risk of treatment, and Fiduciary Duty of Medical Professionals, Improper treatment and failure to warn a patient of known risk, and was negligent, threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for Plaintiff Dennis's health and life." Compl. [1] at 7 (capitalization taken verbatim from Complaint).

On December 20, 2017, the Livingston Defendants filed a Motion [5] to Dismiss for Lack of Subject Matter Jurisdiction, contending that complete diversity of citizenship was lacking, thus depriving the Court of subject-matter jurisdiction. *See* Mem. [6] at 3-5.  In response, Plaintiff filed an Amended Complaint [8] on December 22, 2017.  *See* Am. Compl. [8] at 1.  The Amended Complaint [8] added that Defendants had violated the "Federal Controlled Substances Act and the Comprehensive Drug Abuse Prevention and Control Act" by failing to maintain accurate records of controlled substance prescriptions to a patient, and by prescribing controlled substances to a drug dependent person, such that the Court possesses federal question jurisdiction.  *Id.* at 1-2, 8-9.

On December 28, 2017, The Doctors Company filed a Motion [11] to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Mot. to Dismiss [11] at 1.  Alternatively, The Doctors Company seeks dismissal for failure to state a claim pursuant to Rule 12(b)(6).  *Id.*  Also on December 28, 2017, the Livingston Defendants filed an Amended Motion [15] to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1).  *See* Am. Mot. to Dismiss [15] at 1.

## II.  DISCUSSION

A.  Legal Standard

"Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states."  *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017), *cert. denied*, No.

17-686, 2018 WL 311401 (U.S. Jan. 8, 2018).  "A Rule 12(b)(1) motion to dismiss challenges the subject-matter jurisdiction of the federal court." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing Fed. R. Civ. P. 12(b)(1)).  "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287.  In this case, the Court will resolve Defendants' Motions to Dismiss based upon the Amended Complaint and the undisputed facts in the record.

B.     Diversity Jurisdiction

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (citing 28 U.S.C. § 1332(a)).  "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Bynane*, 866 F.3d at 355 (quotation omitted).  The party invoking the Court's jurisdiction bears the burden of establishing diversity jurisdiction, *id.*, and must distinctly and affirmatively allege the citizenship of the parties, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.*

It is clear from the face of the Amended Complaint [8] that complete diversity of citizenship does not exist, as Plaintiff and Dr. Livingston are both citizens of Mississippi. *See* Am. Compl. [8] at 3. Undisputed evidence presented by Dr. Livingston confirms that he is considered a Mississippi citizen for diversity purposes. *See* Decl. of Michael C. Livingston, M.D. [14-1] at 1-2. Because complete diversity of citizenship is lacking, the Court does not possess jurisdiction under 28 U.S.C. § 1332.

C.  Federal Question Jurisdiction

In arguing that federal question jurisdiction exists, Plaintiff relies upon allegations that Defendants violated the "Federal Controlled Substances Act and the Comprehensive Drug Abuse Prevention and Control Act" by failing to maintain accurate records of controlled substance prescriptions to a patient and by prescribing controlled substances to a drug dependent person. *See* Am. Compl. [8] at 1 at 1-2, 8-9; Resp. [18] at 3-5; Resp. [19] at 1-2, 4-5, 12-13, 17. Defendants maintain that there is no private right of action under the Controlled Substances Act. *See* Mem. [12] at 3-4; Am. Mem. [16] at 1-2, 5-8.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> An action can arise under federal law for purposes of § 1331 in two ways: In a well-pleaded complaint (1) the party has asserted a federal cause of action, or (2) the party has asserted a state cause-of-action claim that necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).

    1.    <u>The Complaint does not state a federal cause of action.</u>

When federal law creates a private right of action and furnishes the substantive rules of decision, the United States Supreme Court has held that the claim arises under federal law, and district courts possess federal-question jurisdiction pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012). The federal question must appear on the face of a plaintiff's well-pleaded complaint. *Quinn*, 863 F.3d at 359. While a plaintiff need not specifically cite a federal provision, she must allege facts sufficient to establish a colorable issue of federal law. *Id.*

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). Congress may choose to confer individual rights subject to private enforcement, but in order to find a private right of action, "the statute must 'speak with a clear voice' and 'unambiguous[ly]' confer those rights." *Id.* at 593 (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)).

Congressional intent to create individual rights enforceable through private rights of action can be found in statutes where the text is phrased in terms of the persons benefitted. *Id.* Statutes which focus on the person regulated, rather than individuals to be protected, "create 'no implication of an intent to confer rights on a

particular class of persons.'" *Id.* (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).

Here, the Amended Complaint refers generally to the Comprehensive Drug Abuse Prevention and Control Act of 1970, and the Controlled Substances Act, 21 U.S.C. §§ 801–971. Plaintiff claims that Defendants violated these statutes by failing to maintain accurate records of controlled substance prescriptions to a patient and by prescribing controlled substances to a drug dependent person. Am. Compl. [8] at 1-2, 8-9.

Plaintiff has not pointed to, and the Court has not located, any specific provision of the Comprehensive Drug Abuse Prevention and Control Act of 1970, or of the Controlled Substances Act, which explicitly affords a private right of action. Nor does anything in the statutory text suggest Congress intended to confer such rights on a particular class of persons. *See* 21 U.S.C. §§ 801–971; *see also Delancey*, 570 F.3d at 593. Instead, the text of the respective statutes focuses upon persons regulated, not upon persons benefitted. *See* 21 U.S.C. §§ 801–971; *see also Delancey*, 570 F.3d at 593-94.

Plaintiff has not shown that a private right of action exists under the Controlled Substances Act or under the Comprehensive Drug Abuse Prevention and Control Act. Absent a private right of action, Plaintiff's claims do not arise under federal law. *See Venable*, 740 F.3d at 941 (holding that plaintiffs did not assert any federal cause of action against defendant and could not rely upon federal statute which does not create a private cause of action).

2. <u>Plaintiff's state-law claims do not fit within the narrow *Grable* exception.</u>

Where a claim finds its origins in state rather than federal law, the United States Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In accordance with the seminal decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), cases in this small category are deemed to arise under federal law when there are state-law claims that "turn on substantial questions of federal law." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 498 (5th Cir. 2016) (quoting *Grable*, 545 U.S. at 312).

The Supreme Court, however, has "explicitly rejected '[a] general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations,'" as well as "the proposition that 'any . . . federal standard without a federal cause of action' is enough to support federal jurisdiction over a lawsuit." *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 725 (5th Cir.), *cert. denied sub nom. Bd. of Comm'rs of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co.*, 138 S. Ct. 420 (2017) (quoting *Grable*, 545 U.S. at 318-19). Under *Grable*,

> federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, . . .

> . jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable*, 545 U.S. at 313-14).

Under *Grable*'s substantiality inquiry, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue . . . ." *Id.* at 260. "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*

The fourth *Grable* requirement "is concerned with the appropriate 'balance of federal and state judicial responsibilities.'" *Id.* at 264 (quoting *Grable*, 545 U.S. at 314). The Supreme Court has recognized that states have a special responsibility for maintaining standards among members of licensed professions. *Id.*

In this case, Plaintiff asserts medical negligence claims against Dr. Livingston. To establish a prima facie case of medical malpractice under Mississippi law, a plaintiff must show:

> the existence of a duty on the part of the physician to conform to the specific standard of conduct, the applicable standard of care, the failure to perform to that standard, that the breach of duty by the physician was the proximate cause of the plaintiff's injury, and that damages to plaintiff have resulted.

*Butler v. Chadwick Nursing & Rehab. Ctr.*, 223 So. 3d 835, 841 (Miss. Ct. App. 2017) (quotation omitted).

Even if Plaintiff's state-law negligence claims against Dr. Livingston could somehow be construed as raising a disputed federal issue, Plaintiff has not demonstrated that such issue is substantial. While Plaintiff's state-law claims may be resolved with reference to some federal statutes or regulations, she has not shown how this presents an issue of substantial importance to the federal system as a whole.

The Court is not persuaded that this case fits within the "slim category" envisioned by *Grable*, *see Empire Healthchoice*, 547 U.S. at 701, or that Plaintiff has asserted a state-law claim that necessarily raises a stated federal issue, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities, *Venable*, 740 F.3d at 941 (quotation omitted). Plaintiff has not carried her burden of demonstrating that federal question jurisdiction exists.

In sum, the Court lacks subject-matter jurisdiction over Plaintiff's claims. Defendants' Motions [5], [11], [15] should be granted.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Defendants' Motions to Dismiss will be granted, and this case will be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Livingston Defendants' Motion [5] to Dismiss for Lack of Subject Matter Jurisdiction, The Doctors Company's Motion [11] to Dismiss, and the Livingston Defendants' Amended Motion [15] to Dismiss for Lack of Subject Matter Jurisdiction are **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 12th day of February, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE